IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Yuriy B. Mankovskiy<br>             Plaintiff<br>v.<br>FINANCIAL RECOVERY SERVICES, INC.; BRIAN C. BOWERS; PHILLIP LARSON and BANK OF AMERICA f/k/a MARYLAND NATIONAL BANK;<br>             Defendants. | Civil Action No.<br><br>Jury Trial Demanded |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action for damages brought by Yuriy B. Mankovskiy, an individual "consumer" pursuant to 15 U.S.C. §1692a(3) and the Code of Massachusetts Regulations (hereafter "CMR"), 209 CMR 18.02 and hereby respectfully files this complaint against Defendant(s), FINANCIAL RECOVERY SERVICES, INC., BRIAN C. BOWERS; PHILLIP LARSON and BANK OF AMERICA f/k/a MARYLAND NATIONAL BANK, for violations of the Fair Debt Collection Practices Act, ("hereinafter FDCPA"), 15 U.S.C. § 1692 *et seq*.; the Fair Credit Reporting Act, ("hereinafter FCRA"), 15 U.S.C. § 1681 *et seq*.; the Massachusetts Consumer Protection Laws ("hereinafter MGL c. 93A"), and the Code of Massachusetts Regulations (hereinafter "CMR"), 209 CMR 18.00 *et seq*. and 940 CMR 7.00 *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction is conferred on this court pursuant to 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p, and the law of supplemental jurisdiction.

3. The State of Massachusetts abides by and adheres to these laws thus establishing the jurisdiction of this honorable court.

4. Venue in this jurisdiction is proper pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

5. Venue is also proper in this judicial district pursuant to 28 U.S.C. §1692k(d) in that Defendants transact business in this judicial district and the violations of the FDCPA, FCRA and MGL's complained of occurred in this judicial district.

## PARTIES

6. Plaintiff is an adult individual domiciled in Suffolk County, Massachusetts.

7. Upon Information and belief, Defendant, FINANCIAL RECOVERY SERVICES, INC. (hereafter "FRS"), is a Limited Partnership Agreement (foreign corporation) which regularly engages in the business of collecting debts in Massachusetts with its principle office located at P.O. Box 385908, Minneapolis, MN 55438. The principal purpose of FRS is the collection of debts using the mails and telephone. FRS regularly attempts to collect said debts and as such is governed under the law by the FDCPA, FCRA, and 209 CMR 18.00.

8. Upon Information and belief, Defendant BRIAN C. BOWERS (hereafter "BOWERS"), is President of FRS, located at P.O. Box 385908, Minneapolis, MN 55438. The principal purpose of Defendant BOWERS is the collection of debts using the mails and telephone. Defendant regularly attempts to collect said debts and as such is governed under the law by the FDCPA, FCRA and 209 CMR 18.00.

9. Upon Information and belief, Defendant PHILLIP LARSON (hereafter "LARSON"), is an employee of FRS, located at P.O. Box 385908, Minneapolis, MN 55438. The principal purpose of Defendant LARSON is the collection of debts using the mails and telephone. Defendant regularly attempts to collect said debts and as such is governed under the law by the FDCPA, FCRA and 209 CMR 18.00.

10. Upon Information and belief, Defendant BANK OF AMERICA f/k/a MARYLAND NATIONAL BANK (hereafter "MNB"), is allegedly an "original creditor" located at 225 N. Calvert Street, Baltimore, MD 21202. Defendant MNB is a foreign corporation and as such is governed under the law by the FCRA and 940 CMR 7.00.

## FACTUAL ALLEGATIONS

11. Plaintiff in promulgating this suit and in his limited capacity as a least sophisticated consumer hereby rely upon the various actions undertaken by said Defendants et al., both seen and unseen, as provided for by document(s) and/or exhibit(s) to be provided.

12. The Defendant, FRS contacted the Plaintiff by mail in September of 2010, in an attempt to collect an alleged debt.

13. The Defendant, FRS contacted the Plaintiff by mail again in a letter dated September 21, 2010, in an attempt to collect an alleged debt.

14. On October 6, 2010, Plaintiff, via Notary Public Leon A. Brownell ("Brownell"), sent Defendant FRS written Notice:
   a. Disputing the alleged debt; b. requesting Defendants provide Plaintiff with written proof that he owed the alleged debt, including a signed written contract; c. A request to notify Plaintiff when he may inspect and copy all papers in the possession of the creditor which bear the signature of the debtor, as per 209 CMR 18.18 and 940 CMR 7.08; d. A request to notify Plaintiff when he may inspect and copy the ledger and the account card, etc, in possession of the creditor…, as per 209 CMR 18.18 and 940 CMR 7.08; A true and correct copy is attached as Exhibit 1.

15. Defendant FRS failed to validate the alleged debt or respond.

16. On November 1, 2010, Plaintiff, via Notary Public Leon A. Brownell ("Brownell"), sent Defendant FRS written Notice of Fault – Opportunity to cure their dishonor of Plaintiffs October 6, 2010 request for validation.

17. On November 12, 2010, Plaintiff via Notary Public Brownell, sent Defendant FRS written Notice of Affidavit of Default and of Estoppel by Acquiescence.

18. On November 17, 2010, Plaintiff, via Notary Public Brownell, sent Defendant FRS a 30 Day Notice and Demand as required under MGL c. 93A regarding their deceptive acts and actions.

19. Defendant FRS and MNB failed to respond to the 30 day demand letter.

20. The Defendant FRS and MNB failed to validate the alleged debt and continued their collection activities in violation of the FDCPA and MGL c. 93A.

21. Plaintiff's credit reports and file have been obtained from Defendants and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

22. The Defendant MNB also reports these accounts to the national credit reporting agencies i.e. Trans Union, Equifax, Experian and Innovis, all national credit reporting agencies.

23. The Defendant MNB also failed to have the systems in place to prevent errors as required.

24. The Defendant FRS accessed Plaintiffs' consumer report on June of 2010 without a permissible purpose.

25. On January 21, 2011 and upon inspection of the said reports the Plaintiff observed that MNB was listed on the Plaintiffs Equifax credit report once, TransUnion credit report once and Experian credit report once indicating debts/accounts due to Defendant.

26. The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendants. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt/account is not in question here, but the fact as to how it was or was not verified, reported and the wrongful actions of the Defendants in their failure to do a proper investigation when they were notified that the alleged debt was disputed.

27. The Defendants reported inaccurate balances as well as inaccurate information into the Plaintiff's credit reports. As a result Plaintiff has a negative credit score to this date and has been denied credit at reasonable rates because of the willful noncompliance actions erroneous and inaccurate reporting and inaction's of the Defendants.

28. Portions of the Defendant FRS and MNB's collection activities and communications concerning Plaintiff's alleged debts, including but not limited to those specified above, are false, misleading, deceptive or unconscionable.

29. The Defendant FRS and MNB knew or reasonably should have known that the Plaintiff did not owe the alleged debt and any attempt to collect said debt with this knowledge is an unfair and unconscionable manner to attempt to collect said debt.

30. At all times pertinent hereto, Defendants FRS and LARSON were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant MNB herein.

31. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in negligent disregard for federal and state laws and the rights of the Plaintiff herein.

32. As of result of Defendants conduct, Plaintiff has suffered actual damages in the form of (a) lost credit opportunities, (b) harm to credit reputation and credit score, and (c) emotional distress in the form of anxiety, escalating stress and anger, humiliation and embarrassment, amongst other negative emotions.

33. Defendants conduct is part of a pattern and practice of unlawful collection abuse thereby warranting punitive damages.

34. Plaintiff contends that the Defendants FRS, MNB and LARSON have violated such laws by harassing Plaintiff in attempts to collect an alleged but nonexistent debt.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT
## COLLECTIONS PRACTICES ACT 15 U.S.C. 1692 et. seq

35. Plaintiff re-alleges and incorporates all the foregoing as though fully set forth herein below.

36. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

37. Defendant FRS is a debt collector as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

38. The above contacts between Defendants FRS, LARSON and Plaintiff were "communications" relating to a "debt" as defined by §§ 1692a(2) and 1692a(5) of the FDCPA.

39. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), §1692g (b), 1692e(8), 1692e(11), 1692e(10) and 1692f(1) as evidenced by the following conduct:

   a. Falsely representing the character, amount or legal status of any debt;
   b. Communicating… any credit information which is known to be false, including the failure to communicate that a disputed debt is disputed.
   c. Using unfair or unconscionable means to collect or attempt to collect any debt;
   d. Attempting to collect any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law;
   e. Continuing to attempt to collect an alleged debt prior to obtaining verification of the debt. and
   f. Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt.

40. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

   **WHEREFORE**, as a result of the above violations Defendants are liable to Plaintiff for statutory damages, actual damages and attorney's fees and costs pursuant to 15 U.S.C. §1692k. Plaintiff requests this Honorable Court enter an order adjudging such and any other and further relief as the Court may deem reasonable and just under the circumstances.

## VIOLATIONS OF THE FAIR CREDIT
## REPORTING ACT 15 U.S.C. 1681 et. seq

41. Plaintiff re-alleges and incorporates all the foregoing as though fully set forth herein below.

42. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

43. Defendant MNB is a furnisher of information within the meaning of the FCRA, 15 U.S.C. § 1681s-2.

44. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

### COUNT II
### PERMISSIBLE PURPOSE OF CONSUMER REPORTS

45. Plaintiff re-alleges and incorporates all the foregoing as though fully set forth herein below.

46. Defendant FRS violated the FCRA § 1681b(f) by accessing Plaintiffs' credit report without a permissible purpose.

47. Defendant FRS violated the FCRA § 1681b(f)(2) by failing to obtain a general or specific certification to pull Plaintiffs' credit report.

48. Plaintiff demands judgment in the amount of $1000.

### COUNT III
### FAILURE TO MARK THE ACCOUNT IN DISPUTE

49. Plaintiff re-alleges and incorporates all the foregoing as though fully set forth herein below.

50. The Defendant FRS violated 15 USC § 1681s-2(f) by failing to indicate that the Plaintiff disputed the alleged account.

51. The Defendant MNB violated 15 USC § 1681s-2(f) by failing to indicate the Plaintiff disputed the alleged account.

52. Plaintiff demands judgment in the amount of $1000.

### COUNT IV
### VIOLATIONS OF THE MASSACHUSETTS
### CONSUMER PROTECTION ACT

53. Plaintiff re-allege and incorporate all the foregoing as though fully set forth herein below.

54. These letters constitute conduct of trade and commerce as defined by MGL Chapter 93A:1(b).

55. Defendants FRS violated 209 CMR 18.15 by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

56. Defendants FRS violated 209 CMR 18.16 by the use of false, deceptive or misleading representation or means in connection with the collection of any debt.

57. Defendants FRS violated 209 CMR 18.17 by the use of unfair or unconscionable means to collect or attempt to collect any debt.

58. Defendants FRS violated MGL c. 93A by using unfair methods of competition or deceptive acts or practices in the conduct of any trade or commerce.

59. Defendants FRS violated 209 CMR 18.18 by failing to provide the Plaintiff:

   a. All papers or copies of papers, in the possession of a debt collector which bear the signature of the consumer and which concern the debt being collected;

   b. A ledger, account card, or similar record in the possession of a debt collector which reflects the date and amount of payments, credits, and charges concerning the debt.

60. Defendants MNB violated 940 CMR 7.08 by failing to provide the Plaintiff:

   a. All papers or copies of papers, in the possession of a debt collector which bear the signature of the consumer and which concern the debt being collected;

   b. A ledger, account card, or similar record in the possession of a debt collector which reflects the date and amount of payments, credits, and charges concerning the debt.

61. Defendants FRS violated 209 CMR 18.18 by failing to provide the Plaintiff a written notice containing:

   a. the amount of the debt;
   b. the name of the creditor to whom the debt is owed;
   c. a statement that unless the consumer, within thirty days after receipt of the notice, disputes that validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
   d. a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
   e. a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

62. Defendants MNB violated 940 CMR 7.08 by failing to allow the Plaintiff to inspect and/or copy the following materials regarding a debt during normal business hours of the creditor and upon notice given to such creditor:

    a.    All papers or copies of papers, in the possession of a debt collector which bear the signature of the consumer and which concern the debt being collected;

    b.    A ledger, account card, or similar record in the possession of a debt collector which reflects the date and amount of payments, credits, and charges concerning the debt.

63.    Plaintiff demands judgment in the amount of $1000.

**WHEREFORE**, Plaintiff requests this Honorable Court enter an order adjudging the Defendants liable to Plaintiff for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to MGL c. 93 § 24A and § 2(c) and any other further relief as the Court may deem reasonable and just under the circumstances.

### DEMAND FOR JURY TRIAL

64.    Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

### PLAINTIFF REQUESTS THE FOLLOWING RELIEF:

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

65.    That this Court enter a Declaratory Judgment, declaring the acts of the Defendants to be in violation of the Code of Massachusetts Regulations which are regulated by M.G.L. c. § 93A;

66.    That the Plaintiff be awarded relief in an amount to be determined at trial that will fairly and reasonably compensate them for the annoyance, abuse and harassment suffered as a result of the Defendant's unlawful acts as follows:

    a. Actual damages against the Defendants;
    b. Statutory damages;
    c. Treble damages;
    d. Punitive damages;
    e. Costs and other reasonable (attorney's or attorney general's) fees; and
    f. Judgment against the Defendants for any civil penalties as authorized by Massachusetts Code for violations of the Massachusetts Business Practices for Consumer Protection; and
    g. Other further relief as may be just and proper.

Respectfully submitted this 6th of September, 2011

*[signature]*

Yuriy B. Mankovskiy
75 Brook Farm Road
West Roxbury, Massachusetts 02132-
(617) 323-8005
&lt;ybman@comcast.net&gt;